IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY FLOWERS,<br><br>    Plaintiff,<br><br>    v.<br><br>C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, C.O. LOPEZ #1719, SHERIFF OF WILL COUNTY, COUNTY OF WILL, P.O. # SCHORIE #138, P.O. KILGORE #332, and the CITY OF JOLIET,<br><br>    Defendants. | FILED: MAY 4, 2009<br>09 CV 2716<br>JUDGE MAROVICH<br>MAGISTRATE JUDGE COLE<br>YM |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, C.O. LOPEZ #1719, P.O. SCHORIE #138, P.O. KILGORE #332, (hereinafter the "DEFENDANT OFFICERS"), the SHERIFF OF WILL COUNTY, COUNTY OF WILL and the CITY OF JOLIET.

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

1

## **PARTIES**

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719 were at all times relevant hereto employed by and acting on behalf of the SHERIFF OF WILL COUNTY and COUNTY OF WILL.

4. P.O. SCHORIE #138 and P.O. KILGORE #332 were at all times relevant hereto employed by and acting on behalf of the CITY OF JOLIET.

5. The CITY OF JOLIET is a duly incorporated municipal corporation and is the employer and principal of P.O. SCHORIE #138 and P.O. KILGORE #332. At all times material to this Complaint, P.O. SCHORIE #138 and P.O. KILGORE #332 were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF JOLIET.

6. The WILL COUNTY SHERIFF is the employer and principal of C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719. At all times material to this Complaint, C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719 were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the WILL COUNTY SHERIFF.

7. The SHERIFF OF WILL COUNTY is sued in his or her official capacity.

8. The COUNTY OF WILL funds the SHERIFF OF WILL COUNTY and pays any judgment against the SHERIFF OF WILL COUNTY in his official capacity.

**FACTS**

9. On or about May 2, 2007, at approximately 3:45 a.m. at the Will County Adult Detention Facility some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.

10. Specifically, some or all of the DEFENDANT OFFICERS struck the PLAINTIFF about the head and/or body and Tased the PLAINTIFF despite the fact that the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS.

11. Some or all of the DEFENDANT OFFICERS failed to intervene in the assault against PLAINTIFF by the DEFENDANT OFFICERS.

12. This conduct violated the Fourth Amendment to the United States Constitution.

13. On or about May 2, 2007, PLAINTIFF did not batter and/or assault any of the DEFENDANT OFFICERS.

14. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

15. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

16. On or about May 2, 2007, P.O. SCHORIE #138 and P.O. KILGORE #332 were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF JOLIET.

17. On or about May 2, 2007, C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719 were on duty at

all times relevant to this Complaint and were duly appointed officers for the SHERIFF OF WILL COUNTY.

18. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

19. Upon information and belief, on May 2, 2007, C.O. OWENS #1585 came into physical contact with PLAINTIFF.

20. Upon information and belief, on May 2, 2007, SGT. CHESTER #1435 came into physical contact with PLAINTIFF.

21. Upon information and belief, on May 2, 2007, C.O. BROOKS #1646 came into physical contact with PLAINTIFF.

22. Upon information and belief, on May 2, 2007, C.O. CALDERON #1798 came into physical contact with PLAINTIFF.

23. Upon information and belief, on May 2, 2007, C.O. BAIKIE #1692 came into physical contact with PLAINTIFF.

24. Upon information and belief, on May 2, 2007, C.O. LOPEZ #1719 came into physical contact with PLAINTIFF.

25. Upon information and belief, on May 2, 2007, P.O. SCHORIE #138 came into physical contact with PLAINTIFF.

26. Upon information and belief, on May 2, 2007, P.O. KILGORE #332 came into physical contact with PLAINTIFF.

**CONSPIRACY**

27. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    c. generating false documentation to cover-up for their own and each other's misconduct.

28. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about May 2, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer physical injury and suffer emotionally.

**COUNT I**
**Excessive Force and Failure to Intervene Claim Pursuant to**
**42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution**

29. PLAINTIFF re-alleges paragraphs 1 – 28 as though fully set forth herein.

30. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

31. This conduct violated the Fourth Amendment of the United States Constitution.

32. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### § 1983 Conspiracy Claim

33. PLAINTIFF re-alleges paragraphs 1 – 28 as though fully set forth herein.

34. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
### 745 ILCS 10/9-102 Claim Against the CITY OF JOLIET

35. PLAINTIFF re-alleges paragraphs 1 – 28 as though fully set forth herein.

36. The CITY OF JOLIET is the employer of the P.O. SCHORIE #138 and P.O. KILGORE #332.

37. P.O. SCHORIE #138 and P.O. KILGORE #332, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF JOLIET.

WHEREFORE, should P.O. SCHORIE #138 and P.O. KILGORE #332 be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF JOLIET pay PLAINTIFF any judgment obtained against P.O. SCHORIE #138 and P.O. KILGORE #332 as a result of this Complaint.

## COUNT IV
## 745 ILCS 10/9-102 Claim Against COUNTY OF WILL

38. PLAINTIFFS re-allege paragraphs 1 – 28 as though fully set forth herein.

39. The SHERIFF OF WILL COUNTY is the employer of C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719 as alleged above.

40. C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719, as alleged above, committed the acts under color of law and in the scope of employment of the SHERIFF OF WILL COUNTY.

41. Defendant COUNTY OF WILL is obliged to indemnify the SHERIFF OF WILL COUNTY, acting in his official capacity, for any judgment against him.

WHEREFORE, should the DEFENDANTS C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719 be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, COUNTY OF WILL vis a vis the SHERIFF OF WILL COUNTY pay PLAINTIFF any judgment obtained against the DEFENDANTS C.O. OWENS #1585, SGT. CHESTER #1435, C.O. BROOKS #1646, C.O. CALDERON #1798, C.O. BAIKIE #1692, and C.O. LOPEZ #1719 as a result of this Complaint.

## JURY DEMAND

42. PLAINTIFF demands trial by jury.

Respectfully submitted,


s/ Blake Horwitz_____
Attorney for the Plaintiff


**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076